## Ellen Merriman *v.* Borough of Osborne, Appellant.

*Negligence—Defective sidewalk—Question for jury.*

Where the evidence, though conflicting, tends to show that a board walk maintained by the borough authorities as a sidewalk had been for some time in a defective condition, of which the borough authorities had notice, and that an accident resulting in injury to the plaintiff occurred from neglect of the authorities to repair said board walk, the issue is purely one of disputed facts and therefore properly left to the jury.

Argued April 7, 1896.   Appeal, No. 70, April T., 1896, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1894, No. 368, on verdict for plaintiff.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

Trespass for negligent maintenance of board walk.   Before McCLUNG, J.   Verdict for plaintiff for $1,000.

The evidence, though conflicting, tended to show that the borough of Osborne had constructed on the side of one of its streets a board sidewalk.   The plaintiff, while walking on the board walk, had been thrown down against the fence by reason of the nails not holding the planks to the decayed stringers. Previous to the injury complained of, the borough officers had public notice at a public meeting from its own town commissioner that the board walk was out of repair.   It also appears, from testimony, that a number of persons had fallen and that the stringers under the board walk its entire length were rotten and would not hold the nails and that it had been in this defective condition for possibly a year or more.

The defendant's points and answers were as follows:

1. That under all the evidence your verdict should be for the defendant.   *Answer:* Refused.

2. That there being no such evidence of actual or constructive notice of the dangerous condition of the walk at the place of the accident as would render the borough liable for the injury occasioned thereon, your verdict should be for the defendant.   *Answer:* Refused.

3. That if the jury believe that some three weeks before the accident the borough employed a competent person and in-

structed him to go over and repair the entire board walk, and such person subsequently reported to the proper borough officer that he had done so, and received payment for such service, and the borough had no knowledge or notice at the time of the accident but that the board walk was thus in proper repair, your verdict should be for the defendant. *Answer :* Refused. I cannot say, as matter of law, that this would exempt the borough from responsibility, but you will take this matter into consideration in determining whether or not the defendant borough exercised reasonable care with respect to the repair of this board walk.

*Errors assigned* were, (1–3) refusal of defendent's points, reciting points and answer.

*J. R. Harbison,* with him *Clarence Burleigh* and *W. A. Challener,* for appellant.

*L. K. Porter,* with him *S. G. Porter,* for appellee.

OPINION BY ORLADY, J., July 16, 1896 :

The assignments of error in this case are all based on the refusal of the points submitted at the trial. The first asked for binding instructions to find for the defendant ; the second and third are so framed as to assume that there was sufficient evidence adduced by the plaintiff to make it necessary to refer it to a jury.

The court said, " If you find however that the borough was negligent, that these stringers were rotten, that by reason of their rottenness they failed to hold the nails, that by reason of that the board tilted, and this old lady had her foot caught in the hole and was injured, and that this condition of the board walk was known to the defendant, or had existed so long and was so easily ascertainable that a reasonable supervision would have given them knowledge of it, and that, notwithstanding this, they neglected to repair it, then you would be justified in finding that this injury was caused through their negligence and the borough would be responsible for it, provided of course that there was no contributory negligence on the part of the plaintiff."

The proof as to the condition of the board walk at the time and place the plaintiff received her injury, while conflicting, was manifestly in favor of her contention, that the place was dangerous, and that the borough officers had direct knowledge of the defects.

She further proved by the " competent person " instructed to go over and repair the entire board walk, to whom reference is made in the third assignment, that " the board walk was in a dangerous condition, that the stringers were rotten and wouldn't hold the nails in places. Of course they would hit spots where they would hold while you were there,—as soon as you would step on the other end they would fly up and be loose again. You could repair it one day and go back the next day and repair it again."

Two members of the borough council, who also acted on the street committee, were called on behalf of the defendant: Mr. Duncan fixed the time when the last repairs were made as July 9th or 10th, the accident to the plaintiff happened on the 23d of that month, and admitted that " they almost monthly sent men along there to try to nail down the boards." And Mr. Seibert, who employed White " to get nails and boards and go along and repair it wherever it needed it ", frankly said, " there were places in it that were bad." " There were a few boards open in it at the time White was employed, there were stringers that I suppose wouldn't hold nails. Yes, sir, I know there was." The persons who were charged with the maintenance of this board walk had previous knowledge of its condition. There was also evidence of a public meeting of the citizens called by council to take some action as to the character of a walk to be substituted for this one, and also that at or soon after the plaintiff sustained her injuries, the whole walk was dismantled and its structural parts were found to be unsafe for the purpose they were intended to subserve. Under the evidence in the case the issue was purely one of disputed facts, which were fairly and impartially submitted to the jury in a charge of which the defendant does not complain as exception is only taken to the answers to the points submitted.

None of the assignments of error is sustained and the judgment is affirmed.